UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**GEORGE L. RUSSELL, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

May 6, 2024

MEMORANDUM TO PARTIES RE:  Mithun Banerjee, et al. v. Allstate Property
& Casualty Insurance Company, et. al.
Civil Action No. GLR-22-685

Dear Parties:

Pending before the Court is Defendants Allstate Property and Casualty Insurance Company and Allstate Indemnity Company's[1] (collectively, "Allstate") Motion to Dismiss (ECF No. 6). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2023). For the reasons set forth below, the Court will grant the Motion.

**Background**[2]

Sometime in 2020, self-represented Plaintiffs Mithun Banerjee and Malancha Banerjee (collectively, "the Banerjees") submitted claims to Allstate for personal injury, as well as damage to a car and a home. (Compl. at 9–11, ECF No. 1; Mem. Supp. Mot. Dismiss ["Mot."] at 1–2, ECF No. 6-1).[3] Allstate partially denied coverage because the total amount of the covered repairs was below the policy deductible. (Mot. at 2).

On May 13, 2020, the Banerjees filed a general consumer complaint with the Property and Casualty Unit of the Maryland Insurance Administration ("P&C Unit"). (Id. at 1). On October 29, 2020, the P&C Unit issued a Determination Letter to the Banerjees finding that Allstate did not violate Maryland insurance laws in its handling of their claims. (Id. at 2). The Banerjees requested a hearing, and the Maryland Office of Administrative Hearings ("OAH") scheduled a hearing for March 22, 2022. (Id. at 3; Line Requesting Removal at 2, ECF No. 6-5). On March 21, 2022, the Banerjees emailed OAH to request that their case be removed from the docket, and to inform OAH that the case had been removed to this Court. (Line Requesting Removal at 1). The Banerjees attached the Notice of Removal to their email, which was also attached to the Complaint. (Id. at 3; Notice of Removal at 1, ECF No. 1-2).

---

[1] The Court will direct the Clerk to correct Defendants' names on the docket by removing the Defendant "Allstate Property & Allstate Indemnity."

[2] Unless otherwise noted, the Court takes the following facts from the Complaint (ECF No. 1) and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

[3] Citations to page numbers refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

The Banerjees did not appear for the OAH hearing on March 22, 2022, and OAH issued a proposed default order on March 28, 2022. (Proposed Default Order at 1, ECF No. 6-6). The Banerjees opposed the proposed default, but a final default was entered on May 26, 2022. (ECF No. 6-7).

**Procedural History**

As set forth above, the Banerjees filed their Complaint, together with a Notice of Removal, on March 21, 2022. (ECF No. 1). They also filed a nearly identical complaint against Allstate on September 7, 2021, in SAG-21-2296 ("Banerjee II"). In both suits, the Banerjees say that the grounds for removal is federal question jurisdiction, and that their claims are personal injury, property damage, and discrimination. (Compl. at 4). In support of these claims, they allege only that Allstate denied coverage and "committed possible [d]iscrimination." (Id. at 10). They seek compensatory and punitive damages. (Id. at 7).

In the instant case, Allstate filed a Motion to Dismiss for Lack of Jurisdiction on June 17, 2022. (ECF No. 6). The Banerjees filed a Response in Opposition on November 9, 2022, (ECF No. 14), together with a Request for Interlocutory Appeal, (also ECF No. 14). The Court stayed the case pending resolution of the appeal. (ECF No. 20). After the Fourth Circuit dismissed the appeal for failure to prosecute, (ECF No. 21), the Court lifted the stay.

In Banerjee II, the Court dismissed the case on November 19, 2022 for lack of jurisdiction and failure to state a claim. (Banerjee II, ECF No. 22). Specifically, the Court found that the Banerjees had failed to establish jurisdiction and failed to plead sufficient facts to establish their claims. (Oct. 19, 2022 Order at 1–3, Banerjee II, ECF No. 22). The Fourth Circuit affirmed on October 24, 2023.

**Discussion**

Allstate argues that the Complaint must be dismissed for lack of jurisdiction. (Mot. at 5). A defendant may remove a state court action to federal court if the federal court would have original jurisdiction over the action. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over civil actions that arise under federal law, 28 U.S.C. § 1331, or have an amount in controversy exceeding $75,000, exclusive of interests and costs, and complete diversity of citizenship, 28 U.S.C. § 1332(a). The burden of establishing federal jurisdiction is placed upon the party seeking removal. Mulcahey v. Columbia Organic Chemicals Co., 29 F.3d 148, 151 (4th Cir. 1994).

Here, Allstate argues that the Court does not have jurisdiction because: (1) this matter stems from a consumer complaint filed with the P&C Unit, which is not a civil action subject to removal, and (2) the Banerjees are plaintiffs, not defendants, and therefore cannot remove this action. (Mot. at 5–9). The Banerjees generally oppose these arguments, but do not specifically address them, nor do they meet their burden of affirmatively establishing this Court's jurisdiction.[4] (See Mot.

---

[4] In their Opposition, the Banerjees ask the Court to appoint counsel on their behalf because they are not attorneys, they cannot afford an attorney, and they are struggling with health issues.

Against Mot. Dismissal ["Opp'n"] at 1, ECF No. 14). Because the Banerjees fail to address Allstate's arguments, they have abandoned their claims, and the Court will dismiss the Complaint. See Ferdinand-Davenport v. Children's Guild, 742 F.Supp.2d 772, 777 (D.Md. 2010) (plaintiff abandoned her discriminatory discharge claim when she failed to respond to defendant's argument in her opposition to the motion to dismiss). Even if the Banerjees had not abandoned their claims, the Court would find that it lacks jurisdiction, and that Banerjees have failed to meet federal pleading standards or show why this case should not be dismissed on res judicata grounds.

First, Allstate is correct that a general consumer complaint filed under Title 27, Subtitle 3 of Maryland's Insurance Code provides only administrative, not legal, remedies. See Md. Code Ann., Ins. § 27-301(b); Johnson v. Fed. Kemper Ins. Co., 536 A.2d 1211, 1213 (Md. 1988) (holding Title 27 Subtitle 3 only provides administrative relief and does not create a separate cause of action); Hartz v. Liberty Mut. Ins. Co., 269 F.3d 474, 476 (4th Cir. 2001) (holding the provisions of Title 27 Subtitle 3 provide only for administrative remedies and do not provide for a first party action in tort against an insurer). Accordingly, the consumer complaint and the P&C Unit's decision are not civil causes of action. Further, because 28 U.S.C. § 1441(a) provides for removal only of "any civil action," the instant action is not removable and the Court does not have jurisdiction.

Second, § 1441(a) also provides that only a defendant may remove a civil action to federal court. Here, the Banerjees are the Plaintiffs and the original complainants, and thus they cannot remove the case, and the Court also lacks jurisdiction for this reason.

Third, the Banerjees have failed to plead any facts supporting their claim for discrimination, or explaining why Allstate's failure to provide insurance coverage creates a cause of action. Although the Court liberally construes pleadings filed by self-represented litigants, see Johnson v. Silver, 742 F.2d 823, 825 (4th Cir. 1984), the Banerjees' Complaint falls well short of the pleading standard set forth in Federal Rule 8. Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief," such that the claim is "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Banerjees have failed to plead any facts supporting their bare and conclusory claims, and thus the Complaint must be dismissed.

Lastly, this case is subject to dismissal because the Court already dismissed this matter in Banerjee II. "[U]nder the doctrine of res judicata, or claim preclusion, '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could

---

(Opp'n at 3). There is no absolute right to the appointment of counsel in a civil case. Perkins v. Donoway, No. CCB-20-811, 2021 WL 4054325, at *1 (D.Md. July 16, 2021), appeal dismissed, No. 21-7275, 2022 WL 227513 (4th Cir. Jan. 25, 2022). A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. Id. Exceptional circumstances exist where a "pro se litigant has a colorable claim but lacks the capacity to present it." Id. Here, the Court finds that no such exceptional circumstances exist because, as explained in this Order, the Banerjees have not presented a colorable claim. Accordingly, the request for counsel will be denied.

have been raised in that action.'" <u>Pueschel v. U.S.</u>, 369 F.3d 345, 354 (4th Cir. 2004) (citation omitted). The doctrine "protects litigants from vexatious litigation, conserves judicial resources, promotes efficiency, and minimizes the risk of inconsistent judgments." <u>Panghat v. Balt. Veterans Affs. Med. Ctr.</u>, No. ELH-19-994, 2019 WL 7281952, at *12 (D.Md. Dec. 27, 2019). The elements of res judicata are: (1) the parties in the two suits are the same or in privity with the parties in the prior suit; (2) the claims presented in the second action are identical to those determined, or those which could have been raised, in the prior litigation; and (3) a final judgment on the merits. <u>Jerry v. Allstate Ins. Co.</u>, 553 F.Supp.3d 287, 292 (D.Md. 2021).

All three elements are satisfied here. First, the parties are the same in both suits, and in each Complaint the Banerjees allege discrimination and a failure to provide insurance coverage. The third element is also clearly satisfied because the Court decided that the Banerjees had failed to state a claim for which relief can be granted in <u>Banerjee II</u>. Accordingly, the Banerjees' suit is barred by res judicata.

**<u>Conclusion</u>**

For the foregoing reasons, Allstate's Motion to Dismiss, (ECF No. 6), is GRANTED. The Clerk shall CORRECT the names of Defendants—there are only two proper Defendants, and their names are "Allstate Property and Casualty Insurance Company" and "Allstate Indemnity Company." The Clerk is further directed to CLOSE this case and MAIL a copy of this Order to the Banerjees. Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

/s/
George L. Russell, III
United States District Judge